McFajRLAND, J.,
delivered the opinion of the Court.
The complainant in this bill alleges that on the 11th day of April, 1865, he contracted to purchase of Fielding Osborne a lot in Knoxville, fronting 26 feet, and exhibits with his bill the bond of said Fielding for title, which is an ordinary title bond, specifying the amount to be paid, and the terms of the contract. The bill charges that he has paid the first instalment and one-half of the second, and is ready to pay the other notes, which have been assigned to other parties, but upon investigation he understands that said Fielding only had title to twenty feet of the lot, the other six feet being owned by Holland Osborne, the father of Fielding, but charges that said Holland is estopped to set up title to this six feet by reason of the fact that he was active in making the sale to the complainant; advised complainant to make purchase, and became a witness to the title bond. That, relying upon the representation that Fielding Osborne was the owner of the whole ■ twenty-six feet, complainant charges that he went on to make valuable improvements at *66 considerable expense, extending over on the six feet. He further charges that he has learned that in fact said Holland had, previous to his purchase, verbally-agreed to let said Fielding have the six feet in order to enable him to comply with his sale.
The bill prays a specific execution, or if this can not be had he prays for an abatement of the price, and for compensation or improvements.
Holland Osborne answers, but not on oath, denying the entire case made against him; says he had nothing to do with making the contract of sale, that he witnessed the title bond without knowing its contents, and that he had never agreed to let said Fielding have the six feet; that he never made to complainant, or any other person, any express or implied admission that Fielding Osborne was the owner of the land; that he forbade the complainant to erect any of his improvements, informing him that he would insist upon his title to the six feet.
Fielding Osborne died without answering, and cause was revived • against his brothers and sisters as his heirs. Without reviewing the testimony,- we are satisfied it shows, by a decided preponderance, and we may say satisfactorily, that Holland Osborne actively participated in the sale of the lot to the complainant; that he participated in and directed the measurement, and the writing of the title bond, and witnessed it, fully understanding that it included the six feet in controversy.
We are of opinion that the complainant is not entitled to a specific execution against Holland Osborne *67 upon the assumption that the title bond was executed by Eielding Osborne for himself and as agent of said Holland. The statute of frauds and perjuries provides that “no action shall be brought . . upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer time than one year, .... unless the promise or agreement upon which the action is brought, or some memorandum or note thereof shall be in writing, signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized.”
Conceding that sufficient authority may be given by parol to sign a title bond, or other executory contract, still we cannot hold the title bond in this case to be the contract of Holland Osborne to sell his interest in the land, for the reason that upon its face it does not purport to be an agreement to sell any interest that Holland Osborne has in the land, but is an agreement by Fielding Osborne for himself alone to sell his interest in the land; and conceding for the argument that Fielding Osborne might have been by parol authorized to sign an agreement in writing for his father to sell this land, still it does not appear that he has done so. The bond only purports to be the contract of said Fielding, and furthermore, the bill upon its face charges that the purchase was from Fielding; and although the complainant charges the fact to be that said Holland had verbally agreed to let said Fielding have the six feet to comply with his contract with complainant, yet the complainant does not charge that the said Holland had ever contracted either in *68 writing or otherwise to sell the land to him. This question was settled in the case of Frazer v. Ford, 2 Head, 464. The question then is, do the facts established make out a case for the application of the doctrine of estoppel against Holland Osborne? If the complainant purchased this lot from Fielding Osborne in ignorance of the fact that Holland Osborne had title to six feet, and Holland Osborne actively participated in the sale, and either in express terms or impliedly, by his silence, induced the complainant to make the purchase, he supposing that said Fielding had the title, then a clearer case of estoppel could hardly be shown to exist. In the rule laid down upon this subject in Slous v. Barker, 3 Johns, 167; Story Eq. Jur., sec. 386; Morris v. Moore, 11 Hum., 433. It is argued that the complainant is not entitled to the benefit of the doctrine of estoppel because-he was fully apprised of' the state of the title at the time he purchased. If this be so it would clearly be fatal to his case, for if he was cognizant of the facts in regard to the title at the time he purchased, then of course he was not deceived or misled by the acts of the defendant, but he was relying alone upon the parol agreement of Holland Osborne for title to his six feet. The bill makes a case for the complainant, avering that he was induced by the representations and acts of Holland Osborne to believe that Fielding Osborne had the title; that he afterward learned that Holland Osborne had title to these six feet, but that in fact he had verbally agreed to let Fielding have tbe six feet. The complainant is not, of *69 course, seeking to enforce directly the parol sale, but he professes to have discovered this fact after his purchase.
The answer of Holland Osborne, as we have seen, •denies that he particpated in any manner in the contract; it does not aver any thing in regard to whether or not the complainant had knowledge of the true state of the title at the time he purchased, but puts the defense upon an absolute denial of the entire case made in the bill. There is proof seeming to indicate that the complainant did know that Holland Osborne had title to the six feet — one witness says he thinks the complainant understood this fact.
Upon a close scrutiny of the testimony, however, it shows that although Gheen probably did, pending the negotiations, have knowledge that Holland claimed the six feet, yet the acts of Holland Osborne seem to have induced him to believe that at the date pf the bond Fielding Osborne had the title and right to sell. As we have seen, the answer of Holland Osborne does not make the issue upon the question of •Gheen’s knowledge of his title, but alone upon the. fact whether he participated in the sale, which, as we have seen, the proof, in our opinion, determines against him, the title bond assuming that Fielding Osborne owned the land. Holland Osborne acts upon this assumption, and by his acts held out to the complainant that such was the state of the title. The sale was made April, 1865. There appears in the record a notice which we are satisfied is genuine, dated 15th of October, 1865, by Holland Osborne to the complainant as follows:
*70 “ This may notify you to pay me the money foi’ the six feet of ground I & Fielding Osborne sold you in Knoxville, ■ there is no title in him and I shall make no title unless I get the money for the-same you can think for yourself. I that it my duty to notify you of the matter.’ H. Osborne.”
This strongly indicates that the complainant was-not previously notified of the facts, but that at the-time he purchased, that is, at the time he received the title bond, he received it believing that Fielding Osborne did have title to the six feet, either by purchase from his father or in some other way. Otherwise, no reason can be seen why he did not require-both to execute the title bond, as they were both present and participating in the sale.
We hold that the complainant is entitled to a decree divesting the title out of the heirs of Fielding Osborne, and declaring that Holland Osborne is es-topped to set up title to the land, and perpetually enjoining him from prosecuting any action to recover any portion thereof, or from conveying to any one else. It is argued that the bill should be dismissed' because, since it was filed the complainant has sold’ the land to other parties. It is argued' that this salé-is champertous. If this be so, it does not preclude the complainant from prosecuting this case as if no such sale had been made. Wilson v. Nance, 11 Hum.
Decree for complainant, with costs.